**JUDGE COLM F. CONNOLLY STANDING ORDERS**

- Standing Order Regarding Pro Hac Vice Motions     4/7/2026
- Standing Order Regarding Briefing in All Cases     11/10/2022
- Standing Order Regarding Disclosure Statements     4/18/2022
- Standing Order Regarding Disclosure of Citizenship of Organizational Entities in Diversity Cases     4/18/2022
- Standing Order Regarding Third-Party Litigation Funding Arrangements     4/18/2022
- Standing Order Regarding Hatch-Waxman Cases     4/14/2022
- Standing Order for Summary Judgment Practice in Patent Cases     4/30/2021

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

STANDING ORDER REGARDING PRO HAC VICE MOTIONS

WHEREAS under District of Delaware Local Rule 83.6(d), "all attorneys admitted or authorized to practice before this Court, including attorneys admitted on motion or otherwise, shall be governed by the Model Rules of Professional Conduct of the American Bar Association";

WHEREAS under American Bar Association (ABA) Model Rule of Professional Conduct 5.4, a "lawyer or law firm shall not share legal fees with a nonlawyer," a "lawyer shall not form a partnership with a nonlawyer if any of the activities of the partnership consist of the practice of law," and a "lawyer shall not practice with or in the form of a professional corporation or association authorized to practice law for a profit, if: a nonlawyer owns any interest therein . . . [or] a nonlawyer has the right to direct or control the professional judgment of a lawyer," Model Rules of Pro. Conduct r. 5.4(a), (b), and (d)(1), (3);

WHEREAS at least two states and the District of Columbia have amended their rules of professional conduct to allow nonlawyers to hold a financial interest and exercise managerial authority in a law firm, *see* Ariz. Code of Jud. Admin. § 7-209 (authorizing the practice of law by an "[a]lternative business structure," "a business entity that includes nonlawyers who have an economic interest or

decision-making authority in the firm and provides legal services"); Utah Rules of Pro. Conduct r. 5.4(d) ("A lawyer may practice law with nonlawyers, or in an organization, including a partnership, in which a financial interest is held or managerial authority is exercised by one or more persons who are nonlawyers . . . ."); D.C. Rules of Pro. Conduct r. 5.4(b) ("A lawyer may practice law in a partnership or other form of organization in which a financial interest is held or managerial authority is exercised by an individual nonlawyer who performs professional services which assist the organization in providing legal services to clients . . . .");

WHEREAS it appears that certain law firms of lawyers who have been or are currently admitted *pro hac vice* in this Court have considered or are considering allowing nonlawyers to hold an ownership interest and exercise managerial authority in those firms, *see, e.g.*, Emily Sawicki & Alison Knezevich, *McDermott Exploring Selling Stake to Private Equity* (Nov. 12, 2025), https://www.law360.com/pulse/articles/2409986 [https://perma.cc/QGX4-AM7F]; Marialuisa Taddia, *Quinn Emanuel Founder 'Open' to Private Equity Investment* (Dec. 5, 2025), https://www.law360.com/pulse/articles/2417573 [https://perma.cc/D4WD-QYEL]; and

WHEREAS ABA Model Rule 5.4's prohibitions are "directed mainly against entrepreneurial relationships with nonlawyers and primarily are for the

purpose of protecting a lawyer's independence in exercising professional judgment on the client's behalf free from control by nonlawyers," A.B.A. Comm. on Ethics & Pro. Resp., Formal Op. 423 (2001).

NOW THEREFORE, at Wilmington on this Seventh Day of April in 2026, it is HEREBY ORDERED that any attorney seeking admission *pro hac vice* in a case assigned to the undersigned judge shall complete and file with the Court either the Certification attached hereto as Exhibit A-1 or the Certification attached hereto as Exhibit A-2 as appropriate.

 

 

_____
CHIEF JUDGE

3

EXHIBIT A-1

## CERTIFICATION FOR PRO HAC VICE ADMISSION OF LAWYER WHO DOES NOT PRACTICE WITH OR IN THE FORM OF A PROFESSIONAL CORPORATION OR ASSOCIATION AUTHORIZED TO PRACTICE LAW FOR PROFIT

I certify that I do not practice law with or in the form of a professional corporation or association authorized to practice law for profit.

I certify that I am eligible for admission to this Court; that I am admitted, practicing, and in good standing as a member of the Bar of

_____; and that pursuant to District of Delaware Local Rule 83.6 I submit to the disciplinary jurisdiction of this Court for any alleged misconduct that occurs in the preparation or course of this action. I also certify that I am generally familiar with this Court's Local Rules.

In accordance with the Standing Order on Attorney Registration and Pro Hac Vice Fees, I further certify that the fee of $50.00 has been submitted to the Clerk's Office upon the filing of this motion.

I further certify that:

1. With the exception of the circumstances listed in Rule 5.4(a)(1)–(4) of the Model Rules of Professional Conduct of the American Bar Association, neither I nor my law firm shares or will share legal fees with a nonlawyer;

2. I do not participate with a nonlawyer in a partnership that engages in any activity that consists of the practice of law; and

3. I will not permit a person who recommends, employs, or pays me or my law firm to render legal services for another person or persons to direct or regulate my professional judgment or the professional judgment of a lawyer in my firm in rendering such legal services.

_____                          _____

Date                                                          Applicant's Signature
                                              (Applicant's Law Firm and Address)

2

EXHIBIT A-2

## CERTIFICATION FOR PRO HAC VICE ADMISSION OF LAWYER WHO PRACTICES WITH OR IN THE FORM OF A PROFESSIONAL CORPORATION OR ASSOCIATION AUTHORIZED TO PRACTICE LAW FOR PROFIT

I certify that I practice law with or in the form of a professional corporation or association authorized to practice law for profit.

I certify that I am eligible for admission to this Court; that I am admitted, practicing, and in good standing as a member of the Bar of

_____; and that pursuant to District of Delaware Local Rule 83.6 I submit to the disciplinary jurisdiction of this Court for any alleged misconduct that occurs in the preparation or course of this action.  I also certify that I am generally familiar with this Court's Local Rules.

In accordance with the Standing Order on Attorney Registration and Pro Hac Vice Fees, I further certify that the fee of $50.00 has been submitted to the Clerk's Office upon the filing of this motion.

I further certify that:

1.  With the exception of the circumstances listed in Rule 5.4(a)(1)–(4) of the Model Rules of Professional Conduct of the American Bar Association, neither I nor my law firm shares or will share legal fees with a nonlawyer;

2. I do not participate with a nonlawyer in a partnership that engages in any activity that consists of the practice of law;

3. I will not permit a person who recommends, employs, or pays me or my law firm to render legal services for another person or persons to direct or regulate my professional judgment or the professional judgment of a lawyer in my firm in rendering such legal services;

4. With the exception of a fiduciary representative of the estate of a lawyer for a reasonable time during the administration of the estate, no nonlawyer owns any interest in my law firm;

5. No nonlawyer is a director or officer or occupies a position of similar responsibility in the firm; and

6. No nonlawyer has the right to direct or control my professional judgment or the professional judgment of a lawyer in my firm.

_____
Date

_____
Applicant's Signature
(Applicant's Law Firm and Address)

2

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

**<u>STANDING ORDER REGARDING
BRIEFING IN ALL CASES</u>**

IT IS HEREBY ORDERED this 10th day of November 2022 that the following briefing requirements shall apply IN ALL CASES where parties are represented by counsel:

**<u>Page/Word Limitations</u>.** Where page limits are specified by local rule, the parties shall use a word-count limit. For each page allowed by local rule, the parties shall use up to 250 words. For example, where the page limit specified by rule is 20 pages, the maximum number of words for a party's submission would be 5,000 (20 x 250). A certification as to the total number of words must be included in any submission.

**<u>Font</u>.** The text for all briefs, letters, motions, and concise statements of fact shall be 14-point and in Times New Roman or similar typeface. Each such filing must include a certification by counsel that the filing complies with the type, font, and word limitations set forth in this Order. The person who prepares the certification may rely on the word count of the word-processing system used to prepare the filing.

**Colors of Front Covers.** The covers of briefs filed in connection with all motions except for motions *in limine* included in a pretrial order shall be as follows:

      i.     Opening Brief – Blue

      ii.    Answering Brief – Red

      iii.   Reply Brief - Gray

_____
CHIEF JUDGE

2

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

STANDING ORDER REGARDING DISCLOSURE STATEMENTS
REQUIRED BY FEDERAL RULE OF CIVIL PROCEDURE 7.1

At Wilmington on this Eighteenth day of April in 2022, it is HEREBY

ORDERED in all cases assigned to Judge Connolly where a party is a

nongovernmental joint venture, limited liability corporation, partnership, or limited

liability partnership, that the party must include in its disclosure statement filed

pursuant to Federal Rule of Civil Procedure 7.1 the name of every owner, member,

and partner of the party, proceeding up the chain of ownership until the name of

every individual and corporation with a direct or indirect interest in the party has

been identified.

_____
Chief Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

STANDING ORDER REGARDING DISCLOSURE OF CITIZENSHIP OF
ORGANIZATIONAL ENTITIES IN DIVERSITY CASES

At Wilmington on this Eighteenth day of April in 2022, it is HEREBY

ORDERED in all cases assigned to Chief Judge Connolly where a party filed the

action in this Court or removed the action to this Court based on diversity of the

parties' citizenships, that the party shall file within 14 days of initiating the case in

this Court a Certification of Diversity Jurisdiction in which the party identifies the

name and citizenship of every owner, member, and partner of every party to the

case that is a joint venture, limited liability corporation, partnership, or limited

liability partnership, proceeding up the chain of ownership until the name and

citizenship of every individual and corporation with a direct or indirect interest in

every party has been identified.

_____
Chief Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

STANDING ORDER REGARDING
THIRD-PARTY LITIGATION FUNDING ARRANGEMENTS

At Wilmington on this Eighteenth day of April in 2022, it is HEREBY

ORDERED in all cases assigned to Chief Judge Connolly where a party has made

arrangements to receive from a person or entity that is not a party (a "Third-Party

Funder") funding for some or all of the party's attorney fees and/or expenses to

litigate this action on a non-recourse basis in exchange for (1) a financial interest

that is contingent upon the results of the litigation or (2) a non-monetary result that

is not in the nature of a personal loan, bank loan, or insurance:

1.    Within the later of 45 days of this Order or 30 days of the filing of an

initial pleading or transfer of the matter to this District, including the removal of a

state action, the party receiving such funding shall file a statement (separate from

any pleading) containing the following information:

a.    The identity, address, and, if a legal entity, place of formation

of the Third-Party Funder(s);

b.    Whether any Third-Party Funder's approval is necessary for

litigation or settlement decisions in the action, and if the answer is in the

affirmative, the nature of the terms and conditions relating to that approval; and

      c.     A brief description of the nature of the financial interest of the Third-Party Funder(s).

2.     Parties may seek additional discovery of the terms of a party's arrangement with any Third-Party Funder upon a showing that the Third-Party Funder has authority to make material litigation decisions or settlement decisions, the interests of any funded parties or the class (if applicable) are not being promoted or protected by the arrangement, conflicts of interest exist as a result of the arrangement, or other such good cause exists.

3.     Nothing herein precludes the Court from ordering such other relief as may be appropriate.

_____
Chief Judge

2

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

**STANDING ORDER REGARDING HATCH-WAXMAN CASES IN
WHICH INFRINGEMENT IS ALLEGED**

At Wilmington on this Fourteenth day of April in 2022, it is hereby

ORDERED that effective immediately in cases assigned to Judge Connolly arising

under 21 U.S.C. § 355 where all patents alleged to be infringed were the subject of

a Paragraph IV certification of noninfringement and/or invalidity by the

Defendant(s), upon the filing of a responsive pleading to the Complaint,

Defendant(s) shall produce to Plaintiff(s) the entire Abbreviated New Drug

Application(s) or New Drug Application(s) that is(are) the basis of any alleged

infringement.

_____
Chief Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

**STANDING ORDER FOR SUMMARY**
**JUDGMENT PRACTICE IN PATENT**
**CASES ASSIGNED TO JUDGE CONNOLLY**

A wise judge who once sat on this Court was fond of saying that winning summary judgment in a patent case is like hitting a hole in one.[1]  The judge's point was that the complexity, voluminous record, competing expert testimony, and scorched-earth lawyering in the typical patent case make it almost inevitable that a disputed material fact will preclude summary judgment.

The former judge's observation about the slim chances for success in summary judgment motion practice is well-known among many if not most of the patent lawyers who regularly appear before this Court.  You might think that word of the judge's comments would have bred restraint in summary judgment practice in the patent cases we see, but the judge's observation—or at least the logic behind the observation—appears to have produced the opposite result.  Patent lawyers seem to have concluded that precisely because the probability of winning summary

---

[1] According to the Professional Golfers' Association of America, the odds of hitting a hole in one are 12,500 to 1.  *See* https://www.pga.com/story/odds-of-a-hole-in-one-albatross-condor-and-golfs-unlikely-shots.

judgment is so low, the solution is to file more motions to increase your odds of success. Six or more summary judgment motions in a patent case is not unusual.

The proliferation of meritless summary judgment motions in patent cases is substantially taxing the Court's—and litigants'—time and resources. Like Professor Miller, I find that

> the process of making, responding, and adjudicating the motion has become protracted, resource consumptive, and, when granted, vulnerable to reversal on appeal. One suspects that in many instances it might be more efficient to try the case, raising the question of what really motivates the widespread invocation of the motion.

Arthur R. Miller, *What Are Courts for? Have We Forsaken the Procedural Gold Standard?*, 78 La. L. Rev. 739, 771–72 (2018). *See also* Steven S. Gensler & Lee H. Rosenthal, *Managing Summary Judgment*, 43 Loy. U. Chi. L.J. 517, 521 (2012) ("Exhaustively prepared summary judgment motions that address every possible issue consume enormous resources—both from the parties and the court—and much of it is simply a waste of time, effort, and money."); Emery G. Lee III & Thomas Willging, Fed. Judicial Ctr., *Litigation Costs in Civil Cases: Multivariate Analysis Report to The Judicial Advisory Committee on Civil Rules*, 6, 8 (2010) (finding that, all other things being equal, summary judgment increased litigation costs by 24% for plaintiffs and 22% for defendants). The irony, of course, is that

2

summary judgment practice was implemented in the federal courts to increase efficiencies and conserve resources. *See Zweig v. Hearst Corp.*, 521 F.2d 1129, 1135–36 (9th Cir. 1975) ("Summary judgment has, as one of its most important goals, the elimination of waste of the time and resources of both litigants and the courts[.]"), *abrogated on other grounds by Hollinger v. Titan Cap. Corp.*, 914 F.2d 1564 (9th Cir. 1990).

Judges have long struggled to manage summary judgment practice. Some judges have limited the number of motions that can be filed; others have required litigants to submit letters to request permission to file a summary judgment motion. I find neither of these restrictions very satisfying. I don't favor placing a cap on the number of summary judgment motions in a case, as I remain of the view that a smartly-run summary judgment practice can avoid "unwarranted consumption of public and private resources," *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). And I find that the letters seeking permission to file a summary judgment motion are simply condensed summary judgment briefs that save neither time nor resources since they require the Court to address the merits of the requested motion.

My form scheduling order for patent cases allows a party to file as many summary judgment motions as it wishes. But I limit the total number of words that

3

can be used in the briefing filed in support of the filed motion or motions. I also require the parties to file competing statements of facts to help me determine as a gatekeeping matter whether there is a disputed material fact. I had thought that these requirements would deter the filing of meritless summary judgment motions. I was wrong.

I have not given up hope, however, that an effectively managed summary judgment practice can bring about efficiencies and cost savings. To that end, and to further deter parties from filing meritless motions, I have decided to revise my summary judgment practice. For any summary judgment motion filed by a party after today, as a general rule, I will not review the motion if I have previously denied a summary judgment motion filed by that party in the case. While I may make an exception to the general rule (for example, if my decision to deny a previous motion had been a close call), exceptions will be rare. Thus, parties should presume that I will not consider a summary judgment motion if I have denied a previous summary judgment motion.

Now therefore, at Wilmington on this Thirtieth day of April in 2021, it is HEREBY ORDERED that effective immediately in all patent cases assigned to me:

4

1. A party that files more than one summary judgment motion shall number each motion to make clear the order the party wishes the Court to consider the motions in question.  The first motion the party wishes the Court to consider shall be designated #1, the second motion shall be designated #2, and so on.

2. The Court will review the party's summary judgment motions in the order designated by the party.  If the Court decides to deny a motion filed by the party, barring exceptional reasons determined *sua sponte* by the Court, the Court will not review any further summary judgment motions filed by the party.

_____
Colm F. Connolly
United States District Judge

5